Glenn W. CASEY, Johnnie C. Fields, Dorr E. Hampton and Robert L. Peters, Plaintiffs-Appellants,

v.

BUSINESS MEN'S ASSURANCE COMPANY OF AMERICA, Defendant-Appellee.

No. 82–1438.

United States Court of Appeals, Fifth Circuit.

June 6, 1983.

Henry J. Novak, Jr., Austin, Tex., for plaintiffs-appellants.

Robert J. Hearon, Jr., Austin, Tex., for defendant-appellee.

Before BROWN, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

In 1973, Glenn W. Casey, Johnnie C. Fields, Dorr E. Hampton and Robert L. Peters, plaintiffs-appellants in this case, borrowed $350,000 from a mortgage banking firm under loan documents which contained a "due-on-sale" clause and a provision precluding prepayment of the indebtedness for a period of ten years. The loan, which was secured by a first mortgage on a shopping center, was almost immediately purchased by Business Men's Assurance Company of America, defendant-appellee in this case, from a broker.

In 1979, the plaintiffs decided to sell the property to a local bank, as trustee, and entered into a contract to do so which called for the assumption of the defendant's existing loan and the creation of a second lien in favor of the plaintiffs. The parties to this sale acknowledged that the defendant might increase the interest rate on the existing loan from its level of 8.75% per annum as a condition to its approval of the bank's assumption. With this in mind, the plaintiffs and the bank contracted for a "constant" interest rate payable by the bank, so that if the defendant increased the interest rate on the existing loan, the interest rate would be reduced on the second lien note payable to the plaintiffs.

The defendant did in fact require as a condition to not accelerating its loan under the due-on-sale clause an increase in the interest rate to 12.5% per annum.

The parties to the proposed sale (the plaintiffs and the bank, as trustee) accepted the conditions for continuation of the loan and entered into a Modification Agreement with the defendant formally accepting and documenting the interest rate and other changes. The plaintiffs did object to the interest rate increase and advised the defendant of an intention to litigate, but sought no judicial relief until after the sale to the bank, as trustee, had been closed.

The plaintiffs then filed this suit against the defendant seeking recovery of the present discounted value of the amount of interest that they "lost" by reason of the reduction in the rate of interest on the second lien note caused by the defendant's increase in the rate on the first lien note. The plaintiffs based their claim on (a) economic coercion or duress; (b) tortious interference with their contract rights under the terms and conditions of the defendant's mortgage; and (c) an unlawful and unreasonable restraint on the right of the plaintiffs to sell the shopping center. The district court found as a fact that the conditions imposed by the defendant on the grant of its approval of the proposed sale to the bank, as trustee, were reasonable and were consistent with the standards and practices of the mortgage industry, under which the holder of the mortgage gives consideration to all of the factors which would be relevant to the making of a new loan, including the prevailing interest rate, in determining whether to grant approval under a due-on-sale clause which requires the lender's approval of the purchaser. The district court also found that the existence of the provision precluding prepayment was irrelevant under the facts of this case. The district court noted that no prepayment penalty is imposed if payment before maturity occurs as a result of acceleration of the maturity date of the note, which is how the due-on-sale clause operates. The court also noted that the plaintiffs never asked for a waiver of the prepayment provision so that the note could be paid in full because all of the transactions that took place contemplated the assumption and continuation of the loan, not its prepayment.

The district court held that the due-on-sale clause was valid and did not constitute an unreasonable restraint on alienation. The court further held that it was appropriate for the lender to consider all factors in determining whether to grant its approval of the sale, and to condition such approval upon a reasonable increase in the interest rate, such as that required by the defendant in this case, even though the due-on-sale clause did not expressly mention the possibility of an interest rate increase as a condition. Finally, the district court found that the plaintiffs, with full knowledge of the defendant's construction of the clause authorizing an increase in the interest rate, assumed the risk that the defendant would increase the interest rate by express provisions in the contract between the plaintiffs and the bank, as trustee. As a result the district court held that the plaintiffs could not recover the interest lost from the defendant. On the alleged economic duress, the district court found that the plaintiffs' execution of the Modification Agreement was not the result of economic duress imposed by the defendant. The district court therefore denied relief to the plaintiffs.

On appeal, the plaintiffs argue that the manner in which the defendant enforced the due-on-sale clause constituted an unreasonable restraint on alienation, and further, that the defendant's conduct was not authorized by the contract. The defendant argues, in response, that neither the due-on-sale clause nor the manner in which it was applied constitutes an unreasonable restraint on alienation, and that the defendant's conduct was authorized by the contract.

We agree with the defendant. The Texas Supreme Court in *Sonny Arnold, Inc. v. Sentry Savings Association,* 633 S.W.2d 811 (Tex.1982), refused to accept the premise that the unreasonable restraint on alienation rules in Texas are even applicable to a clause in a mortgage which grants the lender an optional right to accelerate the debt in the event the property is sold. The court viewed a due-on-sale clause as not precluding conveyance by the borrower of its property but as, instead, giving the lender an optional acceleration right if the property is conveyed. Viewing such a clause as an optional acceleration provision, the Texas Supreme Court found that sufficient safeguards already existed in the Texas decisions providing relief against inequitable or oppressive exercise. Since the plaintiff in *Sonny Arnold* did not allege wrongful or improper conduct in the manner of exercise, but only that the clause itself was unen-

forceable, the Supreme Court rejected the restraint on alienation attack. Turning to the manner of exercise of the due-on-sale clause in this case, the district court found that the defendant acted reasonably. The district court's finding on this point is not clearly erroneous.

The plaintiffs go on to argue, first, that the clause in *Sonny Arnold* expressly mentioned an increase in interest rates as a possible condition to approval of the assumption, and, second, that the note in this case contains a prepayment preclusion, a circumstance that the concurring justices in *Sonny Arnold* foresaw as presenting a potentially inequitable situation. The first of these attacks—the lack of a specific mention of an interest rate increase in the due-on-sale clause—has been rejected by another recent Texas decision, *Crestview, Ltd. v. Foremost Insurance Co.*, 621 S.W.2d 816 (Tex.Civ.App.—Austin 1982, writ ref'd n.r. e.). The clause in that case was a general one, not containing specific mention of an increase in the interest rate, and the argument made by the plaintiffs today, that the interest rate could not be increased because that possibility was not mentioned in the clause, was made and rejected. The plaintiffs' second attack, based on what they allege to be a prepayment preclusion inequitably binding them to a continuation of the note even though its assumption was disapproved by the lender, is not supported by the facts in this case. The district court correctly noted that no prepayment penalty is imposed if payment before maturity occurs as a result of acceleration under the due-on-sale clause or any other clause. Thus, the plaintiffs were not forced to suffer any penalty if the defendant accelerated the loan because of an unapproved sale.

In summary, the district court correctly held that neither the due-on-sale clause itself, nor the manner in which it was applied by the defendant in this case, constitutes an unreasonable restraint on alienation under Texas law. The defendant's conduct was clearly authorized by the contract.

The plaintiffs argue, finally, that the district court erred in finding that the defend-

ant's conduct did not amount to economic duress. This argument rests in part on the plaintiffs' prior argument that the due-on-sale clause, as invoked in this case, constitutes an unreasonable restraint on alienation. The plaintiffs argue that as such, it is prima facie evidence of economic duress. Having concluded that the district court correctly held that there was no unreasonable restraint on alienation in this case, the premise for the plaintiffs' challenge to the district court's economic duress finding fails.

AFFIRMED.